[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFF'S MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
Pending before the court is the plaintiffs motion for additur and motion to set aside the verdict after a jury trial. The case involves an automobile accident. The jury rendered a verdict in favor of the piaintiff, awarding $9,072 in non-economic damages and zero for economic damages. For the following reasons, the motions are denied.
The dispositive issue is whether the jury's verdict is reasonably supported by the evidence, and in evaluating this issue, the court cannot substitute its discretion for that of the jury. The jury was charged with the responsibility to consider the plaintiffs evidence that the accident caused the injuries to the plaintiff as alleged or merely caused a temporary flare up of her pre-existing condition as testified by the defendant's expert. The jury chose to credit the testimony of the defendant's expert and this determination was fully within the jury's province. The jury, as the trier of fact, is charged with the duty to evaluate the credibility and weight of the evidence.
In considering the fair, reasonable, and just damages to be awarded to the plaintiff, it also was within the jury's province to determine that although the plaintiff experience non-economic damages in the form of pain and suffering, these injuries did not warrant the medical treatment as claimed. The plaintiff had the burden to prove by a preponderance of the evidence that the economic damages as alleged were proximately caused by the defendant's negligence. The jury's determination that the plaintiff failed to meet this burden of proof is reasonably based in the record, especially in light of the testimony of the defendant's expert and the evidence concerning the limited nature and extent of the impact between the vehicles.
Therefore, for all the foregoing reasons, the plaintiff Teresa Gluz's motion for additur and motion to set aside the verdict are hereby denied. CT Page 12435
So ordered this 2nd day of October 2002.
STEVENS, J. CT Page 12436